## GIBSON *v.* WHITE et al.

Where a plaintiff claims a fourth-interest in a slave, and certain persons intervene in the action claiming the other three-fourths, she may appeal from a judgment dismissing the action without making the intervenors parties to the appeal. They might choose to submit to the decree, and she had a right to have her claim considered.

Where a plaintiff, who had bonded a slave seized under a sequestration, was ordered to produce him at the trial for the purpose of identifying him, but, on failing to produce him, "offered to admit any fact which the defendant will state that he could prove by the presence of the slave, and which could not be proved in his absence," the defendant cannot, under such circumstances, be injured by bringing the cause to a hearing on the merits.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Fraser,* for the appellant. *Lockett, Goold* and *Nautré,* for the defendants. The judgment of the court (*King,* J. absent,) was pronounced by

SLIDELL, J. This suit was originally instituted by *Frances Gibson,* who claimed in her own right to be sole owner of a slave which forms the subject of the present controversy. Afterwards *Rebecca* and *Rachel Gibson,* and *Frances Gibson,* as tutrix of the minor *James Gibson,* intervened, and claimed the slave as the property of *Rebecca, Rachel, James* and *Frances Gibson.* From a judgment dismissing the suit, *Frances Gibson* alone appealed. Several months after the defendant had filed a brief sustaining the correctness of the judgment rendered by the court below, and urging its affirmance, one of the persons called in warranty asked the dismissal of the appeal upon the ground that *Rebecca, Rachel,* and other intervenors had not joined *Frances Gibson* in the appeal, and had not been made parties to the appeal.

Upon the pleadings we consider *Frances Gibson* as asserting title to an undivided interest of one-fourth in the slave; and if she chose to appeal alone, we do not think she was bound to bring her co-claimants before us. They had a right, if they chose, to submit to the decree; and she has a right to have her claim to the undivided fourth considered. Our decree of course only affects her interest in the controversy. We may further remark that it is doubtful, whether the motion to dismiss was made in time.

The only point which remains to be considered is, whether the judgment of the court below dismissing the suit so far as concerns the appellant *Frances Gibson,* is correct. The plaintiff, *Frances Gibson,* had bonded the slave after

sequestration; and had been ordered, on motion of a defendant, to produce the slave in court at the trial of the cause, "for the purpose of identifying him." The slave was not produced; and upon suggestion by the plaintiff that there had not been sufficient time to produce him, the cause was continued, with an order to plaintiff to produce him on the next trial day. When the day of trial arrived, the slave was not produced; whereupon the plaintiff " offered to admit any thing the defendants would state they could prove by the presence of the slave, which could not be proved in his absence; which offer to admit being rejected by defendant's counsel," the court dismissed the suit.

We think the court erred. The appellant, under the circumstances, is prohibited by the 139th article of the Code of Practice, which says : " Courts may likewise, at the request of either of the parties, order that the other shall bring into court the object in dispute of which he is in possession, if it be a slave or such moveable property as can be produced, in order that it may be shown by testimony that it is in reality the object claimed; and if the party refuse to comply with the order, the refusal shall be considered as full proof of the identity of the object." It is also to be observed, that the plaintiff's offer to admit was very comprehensive; and we have been unable to see how the defendants could have been injured by bringing the cause to a hearing on the merits, under such circumstances.

Any consideration of the legal consequences of the alleged violation of the bond by taking the slave out of the State, seems to us premature.

It is, therefore, decreed, that the judgment of the court below dismissing the suit, so far only as it affects *Frances Gibson* individually, be reversed, and that this cause be remanded for further proceedings according to law; the defendant *Charles White*, paying the costs of this appeal.